UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROSANA AGUIRRE,

    Plaintiff,

vs.    CASE NO.

REGIS CORPORATION,
a Minnesota Corporation,

    Defendant.

## DEFENDANT, REGIS CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DEFENDANT, REGIS CORPORATION ("Defendant" or "Regis"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, files this Answer to the consecutively-numbered paragraphs of Plaintiff, ROSANA AGUIRRE's ("Plaintiff"), Complaint and Demand for Jury Trial (the "Complaint"), and asserts its defenses as follows:

### JURSIDICTION, PARTIES, AND VENUE

1. Defendant only admits that Plaintiff purports to bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* Defendant, however, denies any wrongdoing and further denies Plaintiff is entitled to any damages or other relief requested.

2. Defendant admits for jurisdictional purposes only that this Court has subject matter jurisdiction over the issues presented in this case, but denies Plaintiff is

entitled to any requested relief.

3. Defendant admits only that Plaintiff purports to seek damages in excess of $15,000.00, exclusive of any and all claims for prejudgment interest, costs, and attorneys' fees, but denies Plaintiff is entitled to any damages or other requested relief.

4. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits for jurisdictional purposes only that this Court has personal jurisdiction over Defendant, but denies Plaintiff is entitled to any requested relief.

6. Defendant admits for venue purposes only that venue in this Court is proper, but denies any wrongdoing and further denies Plaintiff is entitled to any damages or other relief requested.

## **GENERAL ALLEGATIONS**

7. Defendant denies that Plaintiff was employed as a stylist. Defendant admits the remaining allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits only that Plaintiff was employed by Defendant as a salon manager from July 18, 2005 until December 9, 2007 and again from November 7, 2011 until May 8, 2015. Defendant denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint, and states further that Plaintiff had additional job duties during her employment.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint. Plaintiff was exempt from the overtime requirements of the FLSA and not entitled to overtime under 29 U.S.C. § 207(i) and the structure of her compensation.

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits only that in some work weeks Plaintiff may have had to work more than 40 hours in order to meet the obligations of her job and employer. Defendant denies that Plaintiff worked the hours required of her job and employer in every work week, and states further that she was properly compensated for all hours worked in every work week. Defendant denies the remaining allegations and inferences set forth in paragraph 16 of the Complaint.

17. Defendant admits only that Plaintiff did not qualify for the professional, administrative, or executive exemptions from overtime compensation under the FLSA. Defendant denies the remaining allegations set forth in paragraph 17 of the

Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 20 of the Complaint.

## COUNT I: VIOLATION OF THE FLSA – UNPAID OVERTIME

21. Defendant incorporates its responses to paragraphs 1-20 of the Complaint above, as though fully set forth herein.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint. Plaintiff was exempt from the overtime requirements of the FLSA and not entitled to overtime under 29 U.S.C. § 207(i) and the structure of her compensation.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint. Plaintiff was exempt from the overtime requirements of the FLSA and not entitled to overtime under 29 U.S.C. § 207(i) and the structure of her compensation.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 24 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff demands a trial by jury, but denies Plaintiff will be able to present any issue of fact for a jury to determine.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations in the Complaint are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## THIRD DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff seeks damages beyond the applicable individual limitations periods.

### FOURTH DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA.

### FIFTH DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff submitted false and inaccurate time records or statements of hours worked. In such situations, Plaintiff's claim is barred in whole or in part by the doctrines of estoppel and unclean hands.

### SIXTH DEFENSE

Defendant's actions have been taken in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA within the meaning of 29 U.S.C. § 260. Defendant's good faith defense to liquidated damages is specifically based upon Department of Labor regulations, opinions and interpretations of the FLSA by the Department of Labor and any other government agencies, and prior results.

### SEVENTH DEFENSE

Plaintiff's claim for overtime under the FLSA is barred because Plaintiff is exempt from the FLSA's overtime requirements under 29 U.S.C. § 207(i).

### EIGHTH DEFENSE

Plaintiff's claim for unpaid overtime is barred to the extent Plaintiff's claimed overtime hours were never reported to Defendant during Plaintiff's employment. As a salon manager, Plaintiff was responsible for ensuring that all employees properly reported all hours

worked, including Plaintiff. Defendant could not reasonably have been aware of Plaintiff's claimed but unreported overtime hours, and such hours are not compensable under the FLSA.

### NINTH DEFENSE

Plaintiff's claim under the FLSA is barred by application of the doctrine of payment. Plaintiff has been paid all wages due.

### TENTH DEFENSE

Any recovery on Plaintiff's Complaint is barred on the grounds that Plaintiff has unclean hands with respect to the matters alleged in the Complaint.

### ELEVENTH DEFENSE

Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrines of laches, consent and waiver.

### TWELVTH DEFENSE

Plaintiff's Complaint is barred in whole or in part because Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendant.

### RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, REGIS CORPORATION, prays as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its costs of suit;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other relief as the Court may deem just and proper.

DATED this 31st day of May, 2016.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: _____
Joanne B. Lambert
Florida Bar No. 0899062
lambertj@jacksonlewis.com

Jesse I. Unruh
Florida Bar No. 0093121
jesse.unruh@jacksonlewis.com

Attorneys for Defendant REGIS CORPORATION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of May, 2016, the foregoing was served via U.S. Mail and email on: Richard W. Smith, Esquire, Fisher Rushmer, P.A., 390 N. Orange Avenue, Suite 2200, Orlando, FL 32801 (rsmith@fisherlawfirm.com).

_____
Joanne B. Lambert